UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re<br>MIRSAD TASIC,<br><br>Debtor,<br><br>MIRSAD TASIC,<br><br>Appellant,<br><br>vs.<br><br>JOHN V. LABARGE,<br>Chapter 13 Trustee,<br><br>Appellee. | ) | Case No. 4:13CV00474 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Debtor Mirsad Tasic's ("Debtor") appeal of the Bankruptcy Court's Order dismissing Debtor's Chapter 13 case [ECF No. 1].

## I. PROCEDURAL BACKGROUND

Debtor filed a Chapter 13 Voluntary Petition, and a Chapter 13 Plan, in the United States Bankruptcy Court for the Eastern District of Missouri on August 14, 2012 [ECF No. 5-1 at 4-5]. Debtor's Chapter 13 Plan provided for monthly payments of $330.00 to Chapter 13 Trustee, John V. LaBarge ("Trustee") [ECF No. 5-1 at 54-58]. On October 2, 2012, Trustee filed his Objection to Confirmation of Plan, asserting nine grounds [ECF No. 5-1 at 59-60]. In response, Debtor filed a First Amended Chapter 13 Plan on October 10, 2012 [ECF No. 5-1 at 63-73]. Trustee objected to confirmation of Debtor's First Amended Chapter 13 Plan, stating that the plan was ambiguous or incapable of ascertainment, because "Citizens and Southern Commercial are listed in 5B and 5C, and again in 5D. A filed claim for a 06 Trailblazer has not been addressed" [ECF

No. 5-1 at 76]. On October 29, the bankruptcy court entered its "Certification and Order for Trustee's Objection to Claim," sustaining an objection Trustee made to a claim filed by Citizens Automobile Finance, and allowing the claim as a general unsecured claim [ECF No. 5-1 at 77].

Thereafter, Debtor filed a Second Amended Chapter 13 Plan, and an "Objection to Claim of Wells Fargo Bank, NA" [ECF No. 5-1 at 79-111]. In his Objection, Debtor alleged that Wells Fargo Bank, NA ("Wells Fargo") had no claim against him or his estate because the note and deed of trust assigned to Wells Fargo by Debtor's original lender contained several defects, which caused the instruments to be null and void [ECF No. 5-1 at 90-111]. Debtor's Second Amended Chapter 13 Plan removed Wells Fargo from Schedule D's list of secured creditors, and listed Wells Fargo instead as a contingent, disputed and unliquidated unsecured creditor on Schedule F of the plan [ECF No. 5-1 at 54-58, 79-89]. Debtor's Second Amended Chapter 13 Plan did not provide for any payments to be made to Wells Fargo. [ECF No. 5-1 at 79-89].

On December 11, 2012, Trustee filed his "Objection to Confirmation of 2nd Amended Plan," praying for an order denying confirmation of the proposed plan, and asserting that: 1) Debtor lacked sufficient income to fund the plan; 2) the plan contained insufficient funds to make the guaranteed repayment to general unsecured creditors; and 3) the plan failed to provide for post-petition mortgage payments and arrears [ECF No. 5-1 at 112]. Trustee's third asserted ground for objection further stated: "Schedule D indicates that Debtor believes this is an unsecured debt, but there is no indication that an adversary [complaint] or motion will be filed to avoid the lien, nor is there any provision for payment in the event Debtor does not sustain his allegations" [ECF No. 5-1 at 112].

Wells Fargo filed its "Answer to Debtor's Objection to Proof of Claim #3-1" on December 27, 2012, generally denying the allegations contained in Debtor's objection to its

claim, and asserting that, as it appeared Debtor was attempting to determine the validity of a lien, the matter should be resolved through an Adversary Complaint [ECF No. 5-1 at 113-17]. Debtor filed an "Adversary Complaint to Disallow Claim, to Void Lien and to Quiet Title in Real Property of the Estate" against Wells Fargo on January 14, 2013, seeking, among other things, a declaration that Wells Fargo had no claim or lien against him, his estate, or his real property [ECF No. 5-1 at 118-41].

A hearing on Debtor's Second Amended Plan was conducted on January 16, 2013 [ECF Nos. 5-1 at 9; 5-2]. During that hearing, Trustee stated his objection to the confirmation of Debtor's Second Amended Plan was due, in part, to insufficient income, and because Debtor was not current with his payments [ECF No. 5-2 at 2]. The Bankruptcy Court informed Debtor that he was "slightly over a payment behind and the trustee objects" [ECF No. 5-2 at 2]. When the Bankruptcy Court asked Debtor's counsel if he needed an amended plan, Debtor's counsel replied: "The only thing that I saw that they objected to was insufficient funds and lack of income. And they said something about we hadn't file[d] the adversary complaint, which we filed. So, I thought that there wasn't anything that didn't allow for a confirmation of the plan" [ECF No. 5-2 at 2]. Thereafter, the Bankruptcy Court inquired about the challenged mortgage payment, asking if it was a secured claim, and Debtor's counsel stated that Debtor had filed both an objection to the claim, and an adversary complaint. The Bankruptcy Court responded, "All right. Then let's let that play out. February 13th at 10 o'clock. Please be current" [ECF No. 5-2 at 2]. The confirmation hearing was continued to February 13, 2013 [ECF No. 1-4]. A trial on Debtor's Adversary Complaint was set for April 3, 2013 [ECF No. 5-1 at 170].

Trustee filed an Objection to Claim 1, filed by Citizens Automobile Finance for $3,436.05, on January 22 [ECF No. 5-1 at 142]. On January 23, Trustee filed his Objection to

Wells Fargo's claim (Claim 2), contending that the claim was ambiguous as to type and amount, and that he could not determine whether the claim should be fully secured, because the claim did not list the property value of the collateral securing the debt [ECF No. 5-1at 144-45]. In its Response to Trustee's Objection, Wells Fargo acknowledged that "the claim is missing certain required information[,]" asserted it would "file an amended claim which supplies all necessary information[,]" and asked the Bankruptcy Court to deny Trustee's objection [ECF No. 5-1 at 146-47].

On February 13, Debtor's case was called for the confirmation hearing on his Second Amended Chapter 13 Plan [ECF No. 5-3]. When Debtor did not appear, the Bankruptcy Court asked Trustee for his objection. Trustee asserted: "Plan fails to provide for post petition mortgage payments and the arrearages" [ECF No. 5-3 at 2]. The Bankruptcy Court then stated: "All right. Plus the debtor is more than one payment behind. I've continued this four times; now I'll dismiss on both plan payments and undue delay prejudicial to the creditors" [ECF No. 5-3 at 2]. The Bankruptcy Court entered its Pre-Confirmation Order and Notice of Dismissal on February 14, 2013 [ECF No. 5-1 at 148-50]. The Order indicated that Debtor's case was dismissed upon Trustee's request, in accordance with 11 U.S.C. § 1307(c)(1) and (4), due to unreasonable delay and for failure to commence making plan payments [ECF No. 5-1 at 148-50]. On February 14, the Court also entered its Order sustaining Trustee's Objection to Claim 1, and allowing Citizens Automobile Finance's claim as a general unsecured claim [ECF No. 5-1 at 157].

Trustee's Record of Debtor's Plan Payments Received shows that Trustee received from Debtor two payments of $330.00 on August 16, one payment of $330.00 on September 11, one payment of $330.00 on October 15, one payment of $474.00 on November 14, and one payment

of $474.00 on December 11, 2012 [ECF No. 5-4]. Trustee's Record further shows Trustee received from Debtor two payments of $474.00 in 2013, one on January 17 and another on February 13; thus, Debtor had made eight plan payments and had paid in a total of $3,216.00 by February 13, 2013 [ECF Nos. 5-1 at 155, 5-4].

Debtor filed a "Motion to Set Aside Dismissal" on February 18, alleging that he did not lack sufficient income to fund the plan, and had fully paid all amounts due and owing under the plan [ECF No. 501 at 151-56]. Debtor argued that the Order's stated grounds for dismissal were unsupported by the record. He further contended that his plan should have been confirmed because it conformed to the model plan provided by the court, it was supported by the record, the Trustee's objections were not well taken, and Debtor had paid the amounts due and owing as of the date of the dismissal.

Trustee objected to Debtor's motion to set aside the dismissal, stating: "This case was dismissed for unreasonable delay. The case was filed on August 14, 2012 and never confirmed. Confirmation was continued four times before being dismissed at the 2/13/13 docket which attorney failed to appear" [ECF No. 5-1 at 159]. In his Response to this objection, Debtor argued that, due to the bankruptcy court's announcement that it would not confirm the plan until after the disposition of the Adversary case, there was no need for him to appear at the February 13 confirmation hearing, because the Adversary case was still pending and the confirmation would once again be continued [ECF No. 5-1 at 160-61]. Debtor further contended that any delay in confirmation of his plan was due to the court's determination to wait until the adversary proceeding was heard and determined. Debtor asserted that Wells Fargo was in default in the adversary proceeding, that he had filed a request with the clerk for entry of default judgment, and that this disposition would resolve Trustee's objections and allow for confirmation of his plan.

On February 27, 2013, a Clerk's Entry of Default was entered against Wells Fargo in the adversary proceeding [ECF No. 5-1 at 170]. On that same date, the Bankruptcy Court denied Debtor's motion to set aside the dismissal of his Chapter 13 proceeding, stating that the case was dismissed for plan payments and undue delay prejudicial to creditors, and finding:

> 1. The Chapter 13 Confirmation hearing has been continued each month since October, 2012;
> 2. The Court doesn't hold in abeyance confirmation until lien stripoffs are determined;
> 3. Debtor was not current in payments to the Trustee at the February 13, 2013 hearing.

[ECF No. 5-1 at 162-63]. The bankruptcy court also entered an Order to Vacate the Clerk's Entry of Default, and an Order dismissing Debtor's Adversary case on February 27 [ECF No. 5-1 at 170]. Debtor's Motion to Set Aside the Orders was subsequently denied [ECF No. 5-1 at 171]. Debtor appeals the dismissal of his Chapter 13 case. He separately appeals the order denying his Motion to Set Aside the bankruptcy court's orders in his adversary proceeding.

## II. STANDARD OF REVIEW

When a debtor appeals a bankruptcy court's order to a district court, the district court reviews the bankruptcy court's legal conclusions de novo and its findings of fact for clear error. *In re O'Brien*, 351 F.3d 832, 836 (8th Cir. 2003). Issues committed to the bankruptcy court's discretion are reviewed for an abuse of that discretion. *In re Zahn*, 526 F.3d 1140, 1142 (8th Cir. 2008). An abuse of discretion occurs when the bankruptcy court fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *Id.*

## III. DISCUSSION

Debtor raises three points on appeal, basically challenging: 1) the bankruptcy court's authority to dismiss, sua sponte, his case, and the sufficiency of notice to Debtor prior to the bankruptcy court's dismissal; 2) the accuracy of the bankruptcy court's factual finding regarding

the status of Debtor's Chapter 13 plan payments; and 3) the bankruptcy's court's finding of unreasonable delay as a basis for dismissal [ECF No. 5]. Debtor requests oral argument [ECF No. 5 at 15].

**A. Point One**

In Point One of his brief, Debtor contends the bankruptcy court:

> erred and abused its discretion in entering and Order dismissing debtor's Chapter 13 case purportedly on oral motion of the Chapter 13 trustee allegedly in accordance with § 1307 (c)(1) & (4) for unreasonable delay prejudicial to creditors and failure to commence or timely mak[e] plan payments because the trustee had not made an oral motion to dismiss the debtor's case, the court entered said order, sua sponte, and the debtor had not been given any prior notice of any motion to dismiss on said grounds and afforded a hearing thereon and thus was denied due process of law in that 11 U.S.C. § 1307(c) mandates notice and a hearing prior to the court entering an order of dismissal for unreasonable delay and failure to commence or timely make plan payments in that there was no substantial evidence to support said order, said order was against the weight of the evidence, said order erroneously declares the law, and said order erroneously applies the law.

[ECF No. 5 at 7]. Debtor claims that no motion to dismiss for unreasonable delay and for failure to make plan payments had been filed in his case by any party, that the bankruptcy court sua sponte dismissed his case, and that he was never provided notice of a hearing on such a motion. Debtor contends that the failure to afford him notice and a hearing prior to the dismissal of his case was clearly prejudicial, because he could have presented evidence showing not only that he had commenced and made timely plan payments, but also that he had overpaid the aggregate amounts due under his plan. Debtor further asserts that he could have demonstrated that he was not culpable for any delay, and that no creditors had been prejudiced by actions taken by him.

Although the dismissal order states the claim was dismissed under 11 U.S.C. § 1307, which would be upon Trustee's motion, Trustee concedes in his brief that he had made no motion for dismissal and he agrees that the bankruptcy court sua sponte dismissed Debtor's

Chapter 13 case [ECF No. 6 at 6]. Trustee claims, however, that the bankruptcy court did not err in dismissing Debtor's Chapter 13 case, stating that the court had authority to dismiss sua sponte under 11 U.S.C. Section 105, and arguing that Debtor had adequate notice that the case was subject to dismissal at the February 13, 2013 confirmation hearing [ECF No. 6 at 6]. Trustee argues that notice of the confirmation hearing, with the inherent ability to present arguments in favor of confirmation at the hearing, can provide sufficient notice for sua sponte dismissal of the case at the hearing. Trustee contends that Local Rule 3015-4 for the Bankruptcy Court of the Eastern District of Missouri (addressing confirmation procedures for Chapter 13 plans) provides notice to all parties that a case is subject to dismissal, for various reasons, at confirmation hearings, and makes it clear that debtors should be present at such hearings to argue against dismissal if outstanding objections to confirmation exist. Trustee claims the bankruptcy court clearly noted outstanding objections during the January 16, 2013 confirmation hearing, and continued the hearing to February 13. He argues that the notice provided for the confirmation hearing provided Debtor ample notice that his case was in danger of being dismissed on February 13.

In his Reply Brief, Debtor claims that, under the particular circumstances of his case, he had no reason to believe his case was subject to being dismissed for unreasonably delay on February 13, because the court had clearly stated at the January 16 hearing that it was not going to confirm Debtor's plan until after Debtor's adversary case against Wells Fargo had "played out." Debtor asserts that his adversary proceeding was awaiting trial scheduled for April 3, and thus, his only expectation was that his plan would not be confirmed at the February 13 hearing, but instead would be automatically continued until Debtor's adversary case was resolved.

The bankruptcy court's Pre-Confirmation Order and Notice of Dismissal states that the case was before the court for dismissal because the Chapter 13 Trustee "moved in writing or at a hearing, orally requested dismissal of [Debtor's] case in accordance with 11 U.S.C. § 1307(c)(1) for unreasonable delay;" and with § 1307(c)(4) for failure to commence making plan payments [ECF No. 5-1 at 148-50]. Trustee concedes, and the record confirms, that no such motion was made by Trustee, in writing, or at a hearing. Trustee also admits that Debtor was sufficiently current in Chapter 13 play payments at the February 13 hearing and that the case should not have been dismissed on the basis of delinquent payments[1] [ECF No. 6 at 9].

The Pre-Confirmation Order and Notice of Dismissal is a computer-generated form document, which enumerates several reasons for dismissal that can be chosen by electronically checking the appropriate box. These reasons are categorized by the party whose action resulted in the dismissal: the debtor, the Chapter 13 Trustee, a party in interest, the Missouri Department of Revenue, or the bankruptcy court. The only choice listed for the dismissal by the bankruptcy court states: "The Court on its own motion or show cause, moved to dismiss this case under 11 U.S.C. § 105(a) for failure to comply with a Court order and/or for abuse of the bankruptcy process." The document also provides "Other Reason(s) for Dismissal" as a basis to be chosen for the dismissal order. However, neither of these available choices were selected by the bankruptcy court as its basis for dismissing Debtor's case. Instead, the bankruptcy court erroneously indicated that the case was before it for dismissal because the Trustee had requested dismissal in accordance with 11 U.S.C. § 1307(c)(1) and (4).

[1]The Court would like to express its appreciation of Trustee's candor regarding the status of Debtor's plan payments.

"The three principle requirements of dismissal under § 1307 are: (1) the request of a party in interest or the United States Trustee, (2) notice and a hearing, and (3) a showing of cause." *In re Minkes*, 237 B.R. 476, 478 (8th Cir. BAP 1999). Arguably, none of the three conditions have been met sufficiently in this case; but, the first condition was clearly not met, as record clearly establishes that Trustee did not request that Debtor's case be dismissed. Instead, the record shows that the dismissal was not requested by the Chapter 13 Trustee, or by any party in interest.

Trustee is correct that the bankruptcy court has authority, under 11 U.S.C. § 105(a), to dismiss Debtor's case on its own motion. *See In re Wilson*, 284 B.R. 109, 111 (8th Cir. BAP 2002) (bankruptcy courts may proceed sua sponte to enter orders to enforce or implement court orders or rules, or to prevent an abuse of process). However, the Pre-Confirmation Order and Notice of Dismissal shows that the court did not dismiss Debtor's case under section 105(a); but did so under 11 U.S.C. § 1307, on the mistaken belief that Trustee had moved for dismissal on the grounds stated in the Order.

Matters committed to the discretion of the bankruptcy court warrant reversal only if the court abused its discretion. *In re Midland Marina, Inc.*, 259 B.R. 683, 686 (8th Cir. BAP 2001). An abuse of discretion is found where the bankruptcy court fails to apply the proper legal standard, fails to follow proper procedures in making its determination, or bases an award upon findings of fact that are clearly erroneous. *Id.*. Upon review, this Court is left with the definite and firm conviction that a mistake was committed. *Id.* The record shows that the bankruptcy court's dismissal was based on clearly erroneous findings of fact, including mistaken findings that the Trustee had requested the court to dismiss Debtor's case, and that the Debtor's plan payments were not current. Consequently, the Court finds that the bankruptcy court's dismissal of Debtor's case was error and an abuse of discretion.

Moreover, under bankruptcy law, "a court can dismiss a Chapter 13 case only after notice and a hearing , which means 'after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances.'" *Baldwin v. Credit Based Asset Serv'g & Securitization*, 516 F.3d 734, 737 (8th Cir. 2008) (quoting 11 U.S.C. §§ 102(1)(A) and 1307(c)). Local Rule 1017-1(D), pertaining to Chapter 13 dismissals, requires all motions, other than a debtor's voluntary motion to dismiss, to be served on the debtor, debtor's attorney (if any), and the Trustee. Local Rule 1017-1(D) further provides that dismissal motions made by parties other than the debtor, shall be heard on Negative Notice. Bankr. E.D. Mo. R. 1017-1(D). Under Negative Notice procedures, a motion to dismiss may be considered by the bankruptcy court without setting a hearing date, if appropriate notice and opportunity to object to the requested relief are provided to necessary parties. Bankr. E.D. Mo. R. 9061(A).

The record shows that, after Debtor filed his Second Amended Chapter 13 Plan, Trustee objected on three bases: 1) lack of sufficient income to fund the plan; 2) insufficient funds to make the guaranteed repayment to general unsecured creditors; and 3) failure to provide for post-petition mortgage payments and arrears. Trustee's third ground also asserted that Debtor had not filed an adversary complaint to avoid Wells Fargo's lien. Debtor subsequently filed an Objection to Claim and an Adversary Complaint against Wells Fargo on January 14.

During the January 16, 2013 confirmation hearing on Debtor's Second Amended Plan, Trustee objected to confirmation, partially on the basis of insufficient income, and partially on the basis that Debtor was not current with his payments; and the bankruptcy court stated on the record that Debtor was "slightly over a payment behind." When Debtor's counsel expressed his belief that the filing of the Adversary Complaint had addressed Trustee's written objections, and

that the plan could be confirmed, the bankruptcy court inquired about the challenged mortgage payment. After a brief discussion regarding the Debtor's filing of his Adversary Complaint and his Objection to Wells Fargo's claim, the bankruptcy court said, "All right. Then let's let that play out." The court then continued the confirmation hearing to February 13.

The only objection stated by Trustee at the February 13 confirmation hearing was that Debtor's plan failed to provide for post-petition mortgage payments and arrearages. Trustee did not move for dismissal; nor did he assert that Debtor was behind in payments, or that Debtor had caused undue delay prejudicial to creditors. Nevertheless, the bankruptcy court pronounced that it would dismiss Debtor's case for failure to timely make plan payments and undue delay prejudicial to the creditors. On February 14, the bankruptcy court entered its order dismissing the case, under section 1307(c), rather than section 105(a), erroneously stating that Trustee had requested dismissal for the reasons indicated, and underscoring the existing confusion among the parties as to the status of the case.

The Court does not agree that notice of the February 13 confirmation hearing provided notice to Debtor that his case could be dismissed sua sponte by the bankruptcy court for either of the reasons upon which the court based its dismissal. Local Rule 3015-4 requires debtors, or their counsel, to attend confirmation hearings, unless there are no objections or the objections have been settled or withdrawn, and the rule warns parties that a failure to appear might result in the denial of either the objection or confirmation. Bankr. E.D. Mo. R. 3015-4(B). This local rule also warns that, where an objection has been raised, a debtor's failure to promptly file an amended plan may result in dismissal. Bankr. E.D. Mo. R. 3015-4(H). It further cautions that the bankruptcy court may dismiss the case if a debtor is not "substantially current" in payments to the trustee at the confirmation hearing. Bankr. E.D. Mo. R. 3015-4(E). An opportunity for a

hearing would have allowed Debtor to present evidence that he was current in payments, that the delay in confirmation was reasonable, and that he was not culpable for any undue delay.

. The Court finds that, in the particular circumstances of this case, Debtor did not receive appropriate notice and opportunity for a hearing. Point One will be granted.

**B. Point Two**

In Point Two, Debtor argues the bankruptcy court:

> erred and abused its discretion in entering and Order dismissing debtor's Chapter 13 case purportedly on oral motion of the Chapter 13 trustee allegedly in accordance with § 1307 (c)(4) for failure to commence or timely mak[e] plan payments because the trustee had not made an oral motion to dismiss, there had been no notice preceding the hearing thereon, and moreover the debtor had commenced plan payments, was not in default in plan payments neither on the date the court orally, sua sponte, announced that the court would dismiss the case for failure to commence plan payments nor on the date the court entered a formal or written Order of dismissal, in that there was no substantial evidence to support said Order, said Order was against the weight of the evidence, said order erroneously declares the law, and said order erroneously applies the law.

[ECF No. 5 at 9]. Debtor claims that, although Trustee's records probably showed Debtor to be delinquent by one payment of $482.00 on February 13, 2013, Debtor had made a payment of $474.00 that very day, which would have left a delinquency of only $8.00 on that date. Debtor further claims that Trustee's records were incorrect as to any delinquency in payments, because he had overpaid under the terms of this Second Amended Chapter 13 Plan. Debtor contends that the bankruptcy court did not base its findings upon the record before it; rather, he claims the court's findings were unsupported by, and contrary to, the record. He further argues that, as the bankruptcy court was dismissing his case sua sponte, the court should have independently examined the complete record of payments due and paid under Debtor's Second Amended Chapter 13 Plan.

Trustee admits that Debtor was sufficiently current in his Chapter 13 payments at the February 13 hearing, such that the case should not have been dismissed on the basis of delinquent payments [ECF No. 6 at 9, 10]. However, while admitting that the factual finding was incorrect, Trustee argues that the record of the proceedings before the bankruptcy court is not sufficient to support a finding of clear error, and he further contends that any error does not support reversal, because this finding was not a necessary component to dismiss the case. Trustee argues that any error in finding Debtor to be in arrears at the hearing was harmless, because the bankruptcy court's finding of unreasonable delay was sufficient to support dismissal of the case.

In his Reply Brief, Debtor argues that dismissal of his case on clearly erroneous grounds was harmful to him, because he lost the protection from his creditors his filing had afforded him, and because the bankruptcy court based its subsequent dismissal of his adversary proceeding against Wells Fargo on the dismissal of his Chapter 13 case [ECF No. 7].

As discussed in Point One, the bankruptcy court clearly erred and abused its discretion in dismissing Debtor's Chapter 13 case on the basis that dismissal had been requested by Trustee under 11 U.S.C. § 1307 (c)(4), for failure to commence or timely make plan payments, because Trustee made no such motion. As also discussed in Point One, the bankruptcy court's finding that Debtor was not current in payments to Trustee on February 13, 2013, was clearly erroneous. Debtor's Point Two will be granted.

**C. Point Three**

In Point Three, Debtor claims the bankruptcy court:

> erred and abused its discretion in entering an Order dismissing debtor's Chapter 13 case purportedly on oral motion of the Chapter 13 trustee allegedly in accordance with § 1307 (c)(1) & (4) for unreasonable delay because the trustee had not made an oral motion to dismiss, the court entered said Order of dismissal, sua sponte, and there had been no unreasonable delay on the part of debtor nor had any creditors been prejudiced by any delay in that there was no substantial

> evidence to support said order, said order was against the weight of the evidence, said order erroneously declares the law, and said order erroneously applies the law.

[ECF No. 5 at 11-12]. Debtor contends the record did not support the court's finding of prejudice to creditors, asserting that only three creditors, including Wells Fargo, had filed claims by the non-governmental creditor deadline, and that one of the claims, filed by Citizens Automobile Finance, had already been denied. Debtor alleges that the third claim, filed by Metropolitan Sewer District ("MSD"), was a secured claim for $874, and that the $3,216.00 he had paid into his plan adequately provided for payment. Debtor claims the major obstacle to confirmation of his plan was the claim of Wells Fargo. He states that he amended his scheduled to designate Wells Fargo's claim as contingent, unliquidated, disputed and unsecured, and to remove any provision for payments to be made to Wells Fargo. Debtor contends any delay was not due to Debtor, but to the bankruptcy court's decision to delay confirmation of his plan pending disposition of his adversary case against Wells Fargo, and to the mistake in Trustee's records showing a delinquency in Debtor's plan payments. Debtor further argues that there was a strong possibility that his objection to Wells Fargo's claim, and his adversary case proceeding, would have been decided in his favor on the merits, Debtor further claims he informed the bankruptcy court in his Motion to Vacate that the clerk had entered a default judgment in the adversary case, which made Debtor's objection to Wells Fargo's claim successful.

In his brief, Trustee argues that the bankruptcy court did not abuse its discretion when it dismissed Debtor's case for unreasonable delay, claiming that the February 13th hearing was the fifth setting of the confirmation hearing. Trustee contends the bankruptcy court sua sponte dismissed the case, using its inherent authority under section 105 of the Bankruptcy Code. Trustee asserts:

> The short transcript of the February 13 hearing discloses that neither [Debtor] or his counsel were present, the Trustee had outstanding objections to confirmation, and the confirmation hearing had been continued four times previously. It had been six months since [Debtor] filed his Chapter 13 petition, but he had not yet submitted a confirmable Chapter 13 plan. Absent a confirmable plan, the filed and allowed claims could not receive payment from the Trustee, 11 U.S.C. section 1326(a)(2), yet the automatic stay prevented the creditors from receiving payments other than as provided in the Chapter 13 plan and prevented them from taking any action to collect their debts.

[ECF No. 6 at 13]. Trustee further states that, although Debtor might have had information to show that any delay in confirmation was reasonable, neither Debtor nor his counsel appeared to present such information. He contends the bankruptcy court's decision to dismiss the case was "an appropriate effort to efficiently administer the bankruptcy process and was not an abuse of discretion" [ECF No. 6 at 14]. As discussed above, the bankruptcy court indicated that it was dismissing Debtor's case because Trustee moved in writing, or orally requested dismissal in accordance with 11 U.S.C. § 1307(c)(1), and (4). A bankruptcy court may dismiss a Chapter 13 case on request of the United States trustee for several reasons, but may do so only after notice and a hearing. 11 U.S.C. § 1307(c)(1)-(11). The record establishes that no such motion was made by Trustee, or any other interested party; rather, the records show that the bankruptcy court sua sponte made the decision to dismiss. Such a dismissal would be an exercise of the bankruptcy court's powers authorized by 11 U.S.C. § 105(a); however, section 105(a) does not dispense with the requirement of notice and a hearing. 11 U.S.C. § 105(a); *In re Wilson*, 284 B.R. at 111. The Court finds that the bankruptcy court erred and abused its discretion when it sua sponte dismissed Debtor's Chapter 13 case, without notice, and without providing Debtor an opportunity to present information showing that any delay in confirmation was reasonable. The Court will grant Debtor's Point Three.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the appeal [ECF No. 1] filed by Debtor Mirsad Tasic is **GRANTED**.

**IT IS FURTHER ORDERED** that the bankruptcy court's order dismissing Debtor Mirsad Tasic's Chapter 13 case is **REVERSED**.

Dated this 4th day of June, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE